## UNITED STATES v. EBELL.

### No. 165 Civil.

District Court, W. D. Texas, El Paso Division.

April 2, 1942.

44

William E. Clayton and R. Neill Walshe, Asst. U. S. Attys., both of El Paso, Tex., for the United States.

W. Joe Bryan, of El Paso, Tex., for defendant.

BOYNTON, District Judge.

This is a civil action, in its nature an action in equity, brought by the Government of the United States of America for the cancellation of a certificate of naturalization granted by order of this Court to the defendant Dr. Wolfgang Ebell on April 3, 1939; the United States alleging in its First Amended Complaint that such order of Court granting certificate of naturalization was secured by fraud on the part of the defendant, and illegally, as set forth in the various clauses and paragraphs of the First Amended Complaint filed by the Government herein.

The granting of naturalization and citizenship to an alien is the exercise or granting of a privilege to such alien by the Government granting same, and not a matter of right that can be claimed by an alien. Therefore all of the requirements prescribed by law as to the granting of naturalization must be fully met and complied with by the applicant, an alien seeking naturalization.

An order of naturalization once entered by a Court of competent jurisdiction is not to be lightly set aside, and once entered is not to be set aside unless it be clearly shown by competent evidence, by a preponderance of the evidence offered by the Government, that such order was secured by fraud, as result of fraud, or in some manner illegally obtained.

In this case the record shows, by testimony offered, that the defendant, Dr. Wolfgang Ebell, was born in Germany July 28, 1899, an alien. That he was educated in the schools of Germany; that he served in the German Army during World War 1; that after such war he studied medicine in the schools of Germany; that in 1927 he went to Mexico as a salesman for some German firm or corporation, and emigrated to the United States of America in 1930, coming to El Paso County, Texas, where he married, acquired property, and has remained since such time.

On July 28, 1933, he made and filed a declaration of intention in this Court to become a citizen of the United States of America, and on April 3, 1939, an order of this Court was entered granting his application and directing issuance of a certificate of naturalization to the defendant.

The evidence shows he was corresponding with relatives and others in Germany, some officials of the Government of Germany, and was interested in and in touch with conditions and matters taking place in Germany, while in Mexico and following his coming to the United States, as evidenced by exhibits introduced in evidence on trial of this cause, letters and communications in 1931 and 1933, and that in conversations he gave utterance showing his sympathy in Germany, and affairs and conditions in Germany, and became irritated and angry when persons, American citizens, might make remarks concerning actions of the Government of Germany and of people in Germany, and on one occasion stated that "Hitler would rule the world." I believe that remark was made in 1940—there is evidence to that effect—and in 1941, and used the term "You Americans" in conversing with an American citizen, or citizens. He became a subscriber of "The Free American", a publication of the German-American Bund, edited in New York by Gerhardt Wilhelm Kunze, and published at Philadelphia, Pennsylvania. The editor of the newspaper, Gerhardt Wilhelm Kunze, was the recognized leader of such organization, that is, the German-American Bund, at that time in the United States of America, and a representative of the National Party of Germany in the United States of America.

The defendant became a member of the German-American Bund in the United States of America between the time of the filing of his declaration of intention in this Court and the entry of an order granting his application for naturalization, in connection with which, at such time, he took an oath of renunciation of allegiance to the German Reich, and oath of allegiance to the United States of America, without any mental reservation or purposes of eva-

sion, in accordance with the terms and provisions of such oath that was imposed on April 3, 1939.

The evidence shows that the newspaper "Free American", published as an organ of the German-American Bund, edited by Gerhardt Wilhelm Kunze, advocated and was in sympathy with the Nazi government in Germany, that is the Nazi National Party of Germany, and under the leadership of Hitler, extracts of which have been read here which advocated doctrines, in the opinion of this Court, contrary to a democratic form of government such as set forth and prescribed in the Constitution of the United States of America, as shown by expressions contained in such newspaper, the "Free American", and pamphlets containing speeches of Hitler and others found in the possession of the defendant Dr. Wolfgang Ebell at his residence or in his office in El Paso, Texas.

The testimony further shows that Gerhardt Wilhelm Kunze, leader of the German-American Bund and editor of the newspaper "Free American", came to El Paso frequently, or on several occasions, commencing perhaps in 1937, and held conferences with the defendant Dr. Wolfgang Ebell with reference to promulgating the interests of the German-American Bund and the doctrines advocated by such publication, and perhaps with others in El Paso.

There has been offered on trial of this cause various pins and insignia of membership in organizations in Germany and in this country that were in sympathy with and that indicated doctrines that were being advocated by the German Government, the Nazi National Party, contrary to and antagonistic to a democratic form of government such as prevails in the United States and as prescribed and set forth in the Constitution of the United States of America. Some of those pins relate merely to service perhaps that was rendered by the defendant in recognition of his service in the German Army during World War 1. The Court does not give much weight or bearing to those in the determination of the issues that the Court is here called upon to determine; but there are some, there is one I believe that has been testified to as indication of a badge or insignia of the Nazi Party of Germany that was issued in 1933. There is a pin, insignia of membership, which the defendant himself when upon the stand admitted, of membership in the German-American Bund.

There was offered in evidence, and admitted in evidence on the trial of this cause, Government Exhibits G–1 and G–2, which consist of a letter from Gerhardt Wilhelm Kunze, who has been identified as the publisher of the Free American and National leader of the German-American Bund in the United States, identified as bearing his signature, which letter bears date December 8, 1941 (which, historically, was the day after the attack at Pearl Harbor), and a letter that was enclosed therein addressed to a certain party in Connecticut; which letters were written and bear date indicating that they were written shortly subsequent to the date that the defendant Dr. Wolfgang Ebell had taken the writer of such letters, Gerhardt Wilhelm Kunze, from the United States to Mexico via the Ysleta bridge, crossing into Mexico, and went with him and met other parties in Juarez, and proceeded to Chihuahua.

■ Coming to the testimony offered on trial of this case by the witness George Brown, Deputy United States Marshal at this Division point, upon the serving by him of a notice to produce these two letters; that the defendant, being served while in the jail of El Paso County, stated or admitted having had possession of said letters: When upon the witness stand the defendant denied the making of such admissions, but stated that he, when served with such notice, had merely stated that he admitted receipt of the notice which contained notice that he had had them in his possession. There is that conflict in the testimony. The Court approves and adopts the testimony of the witness George Brown, and the Court makes a finding herein to that effect.

The Court does not refer to all of the testimony of the nature indicated by the Court, and introduced into the record, because the Court has not time or opportunity to do so.

The defendant offers in opposition thereto the testimony of several witnesses, citizens of the United States, residing in El Paso County, Texas, who testified to acquaintanceship with the defendant, and that in all of their conversations had with the defendant they did not discuss matters relating to war conditions in Europe, or in comparison between Germany and the United States, except possibly one witness touched upon such subject; that none of these witnesses at any time heard the defendant make any statement that was de-

rogatory, in their opinion, to the United States or the Government of the United States, or indicating that he was not attached to the principles of the Constitution of the United States and the American form of Government. The defendant himself, when upon the stand, testified that he was attached to the principles of the Constitution of the United States, that he was sincere and honest in the oath that he took of renunciation to the German Reich before this Court on April 3, 1939, and his oath of allegiance to the United States of America, and that he took such oath honestly and without any mental reservations or purposes of evasion.

The Court has reviewed the testimony in this case and given the same very careful consideration, appreciating the value of citizenship, and that an order of this Court entered granting citizenship should not be lightly set aside, as the Court has heretofore stated; but in determining what was in an individual's mind at the time of taking the character of oath here in question it is only by acts and circumstances, statements and utterances, that the Court can arrive, as the Court must do in this case, as to what was in defendant's mind at the time he took the oath with reference to the declaration of intention and that of renunciation of allegiance to the German Reich and allegiance to the United States, the latter being taken on April 3, 1939, before this Court.

Based upon the testimony above recited and the oath as taken by the defendant upon the dates as stated, and especially with reference to April 3, 1939, the Court finds it to be shown by a preponderance of the evidence, the great preponderance of the evidence, that the defendant Dr. Wolfgang Ebell was in sympathy with and attached to the German Reich and to governmental doctrines of the German Government at that time, which were antagonistic, the Court finds as disclosed by the record in this cause, to the principles of the Constitution of the United States of America and democratic form of government such as prevails in the United States of America.

The Court therefore finds that the oaths so taken, as charged and alleged in plaintiff's First Amended Complaint, were not taken honestly; that they were in fraud of this Court, and that the defendant at that time was in sympathy with the government prevailing in Germany and the German Reich, and did not intend to support and defend the Constitution and laws of the United States of America against all enemies, foreign and domestic, and bear true faith and allegiance to the same, as in the oath of allegiance prescribed.

While the Court is not unmindful of decisions that have been rendered in certain cases, as relating to the facts in those respective cases, that declarations made by a party when the country of which he had been a citizen was not at war with the United States of America, were not to be given the effect and proof necessary to revoke or set aside, and cancellation of, a naturalization certificate; however these are matters that can be taken into consideration, should be taken into consideration by the Court, in the opinion of this Court, with statements that were made afterwards, and to follow along and cover the entire period, for purpose of determining what was in the mind of an individual on a particular date, certainly the date of declaration in this case and of the entry of the Court's order on April 3, 1939, and also subsequent matters, as it is only from the same that a determination can be reached as to what was in a party's mind. Each case, and especially a case of this character, is a case within itself, and which has to be ruled upon and controlled by the record made and the facts established upon a hearing of such case.

The Court, therefore, directs entry of an order herein revoking and cancelling the previous order of this Court, of date April 3, 1939, granting citizenship to the defendant Dr. Wolfgang Ebell.

The Court will ask that counsel for the Government submit to the Court draft of more specific and detailed special findings of fact and conclusions of law, as suggestive to the Court of the Findings of Fact and Conclusions of Law to be filed by the Court herein, in accordance with Rule 52 of the New Federal Rules, 28 U.S.C.A. following section 723c.